IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | CRIMINAL NO. 3:13-CR-064-L |
| | § | |
| GABRIEL RUBIO VILLANUEVA | § | |

## MEMORANDUM OPINION

Before the court is Defendant Gabriel Rubio Villanueva's ("Defendant") Motion to Review Sentence, filed November 21, 2017, which the court construes as a motion to vacate, set aside, or correct sentence pursuant 28 U.S.C. § 2255.

I.

Defendant pled guilty without a plea agreement to illegal reentry after removal in violation of 8 U.S.C. §§ 1326(a) and (b)(2). On December 2, 2013, the court sentenced him to 72 months in prison. On August 18, 2014, the Fifth Circuit Court of Appeals dismissed his appeal finding there were no non-frivolous issues.

On May 11, 2015, Defendant filed his first § 2255 petition. *See Villanueva v. United States*, No. 3:15-CV-1645-L (N.D. Tex.). On October 7, 2017, the court denied the petition on the merits. Defendant did not file an appeal.

On November 13, 2017, Defendant filed the instant motion. He argues his sentence is unlawful under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Mathis v. United States*, 136 S.Ct. 2243 (2016). In *Johnson*, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA"). In *Mathis*, the Supreme Court outlined the process by which a

district court should determine, for the purposes of the ACCA, if a defendant's prior state-court conviction was one of the enumerated violent felonies listed in 18 U.S.C. § 924(e)(2)(B)(ii).

II.

Defendant seeks to attack his criminal judgment and sentence; therefore, the court construes the motion as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) ("Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence."); *Cox v. Warden, Fed. Detention Center*, 911 F.2d 1111, 1113 (5th Cir. 1990) (same).

The Antiterrorism and Effective Death Penalty Act of 1996, however, limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996). A petitioner must show that the successive motion is based on: (1) newly discovered evidence that, if proved and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. This determination must be made by a three-judge panel of the court of appeals before petitioner files his motion in district court. 28 U.S.C. §§ 2241 and 2255. The Fifth Circuit has not issued an order authorizing this court to consider the successive petition. Defendant must obtain such an order before another petition for post-conviction relief is filed.

It is therefore **ordered, adjudged and decreed** that this petition is hereby **transferred** to the Fifth Circuit as successive pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). The clerk of court is directed to open a new civil action pursuant to § 2255 (nature of suit 510).

**It is so ordered** this 10th day of January, 2018.

Sam A. Lindsay
United States District Judge